UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES WOODS, et al                                                                                          PLAINTIFFS

v.                                            CIVIL ACTION NO. 3:01CV-646-S

WALGREEN COMPANY, et al                                            DEFENDANTS

### **MEMORANDUM OPINION**

Defendant, Walgreen Company, has moved to dismiss the claims of both James Woods and Amelia Woods because it is shown that representations they made during the pendency of this action that they are husband and wife are, in fact, untrue.

James Woods claims personal injuries, and Amelia Woods claims loss of consortium resulting from those claimed injuries. In the complaint, they both allege that they are husband and wife. They both testified in depositions that they were husband and wife. Walgreen Company found that they were, in fact, divorced in Indiana in 1975, having separated in 1964 following a marriage in 1954.

In response, the plaintiffs concede that the claims of Amelia Woods must be dismissed. As to the claims of James Woods, it is contended that dismissal would be too harsh a sanction since the marriage issue is not really relevant to his claims. Plaintiffs' counsel states that there was no intent to deceive, and that he notified Walgreen's counsel as soon as it was known that the Woods were not married, thus negating prejudice.

Woods' counsel states that James and Amelia Woods lived together under the same roof for many years after their divorce, and that they thought of themselves as husband and wife.

Of course, none of the statements made by counsel for James Woods have been verified through affidavit or otherwise. Counsel's explanation, therefore, is mere argument rather than fact.

Given that the Woods' divorce took place about 30 years ago, it is conceivable that perhaps its legal import receded into the mist of distant time. The defendant has not taken issue with those statements, nor is the court aware that the defendant wishes to depose the Woods specifically on the matter of their divorce.

Under the circumstances, the court feels as though the claims of James Woods should be permitted to go forward, but with the proviso that Walgreen Company may reinstate its motion to dismiss the claims of James Woods if subsequent proof in this action should throw into question the arguments his counsel makes in resisting the motion before the court.

By agreement, the claims of Amelia Woods will be dismissed by separate order.

cc: Counsel of Record