UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WOODS, et al.     PLAINTIFFS

v.     CIVIL ACTION NO. 3:01CV-646-S

WALGREEN COMPANY, et al.     DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court on motion of the defendant, Walgreen Company, to dismiss the claims of the plaintiffs, Todd Cambron and Lisa Yarber-Cambron ("the Cambrons"), individually and as next friends of their now-deceased son, Alec Cambron.

This and two related actions arose from alleged errors by Walgreen pharmacists in filling a number of prescriptions. The motion before the court relates only to the alleged Cambron prescription error.

The underlying facts, as stated by the plaintiffs, are as follows:

The Cambrons are the parents of a now-deceased child, Alec Cambron. Alec was born in 2000 with a congenital condition which predisposed him to severe seizures. The condition ultimately required surgery to remove a portion of his brain, as well as various medications. Among the medications prescribed for Alec was Zantac to control gastric reflux. On March 29, 2001, Walgreen erroneously filled a prescription for this medication with Zyrtec, an allergy medication. The plaintiffs contend that the "combination of not receiving the medication [Alec] had been prescribed and receiving a medication he had not been prescribed was a substantial factor in causing injury" to Alec. Complaint, ¶ 19.

The Cambrons and other plaintiffs filed personal injury claims against Walgreen for a variety of such alleged errors. On October 19, 2001, the Cambrons filed claims as next friends of their

infant son for his personal injury in the Jefferson County, Kentucky, Circuit Court. They also asserted a claim for loss of consortium of their child. The action was removed to this court under our diversity jurisdiction. On October 20, 2003, Alec died.

On March 23, 2005, Walgreen moved to dismiss the Cambrons' claims for failure to revive the action in the name of Alec's personal representative, as required by Kentucky law. KRS 411.130(1) states that

> Whenever the death of a person results from an injury inflicted by the negligence or wrongful act of another, damages may be recovered for the death from the person who caused it, or whose agent or servant caused it...The action shall be prosecuted by the personal representative of the deceased.

KRS 395.278 states that

> An application to revive an action in the name of the representative or successor of a plaintiff...shall be made within one (1) year after the death of a deceased party.

There has been no administration of the estate of Alec Cambron and no revival of the action. Walgreen asserts that the action must be therefore be dismissed. Kentucky courts have held that KRS 395.278 is a statute of limitation, that the section is mandatory, and therefore failure to timely comply mandates dismissal. *See, Clark v. City of Frankfort*, 2005 WL 2240133 (Ky.App. Sept. 16, 2005); *Hammons v. Tremco, Inc.*, 887 S.W.2d 336 (Ky. 1994); *Snyder v. Snyder*, 769 S.W.2d 70 (Ky.App. 1989); *Daniel v. Fourth & Market, Inc.*, 445 S.W.2d 699 (Ky. 1968).

The Cambrons admit that the action has not been revived. They urge that we not dismiss their claims for a number of reasons, however.

First, they contend that "there was no legal reason to rush to the courthouse to open an estate," as "[t]here is no need for a probate estate other than to prosecute the survival action as there is no other arguable asset." Response in Opposition to Motion to Dismiss, p. 2. A similar argument was rejected by the Court of Appeals of Kentucky in *Clark v. City of Frankfort, supra*.

> The Appellant's primary argument is that "under the circumstances" there was no necessity for revival. The circumstances appellant cites are that Lois was already a party to the litigation, and after Fred's death Lois was appointed executrix of his

> estate. Additionally, Lois was Fred Clark's sole heir according to his Last Will and Testament, and so any damages recovered as a result of a suit on behalf of the estate of Fred Clark would pass to Lois. Appellant argues that under all of the above circumstances, no substitution of parties or revival of the action was required to be taken. However, Appellant cites no authority for her claim that under those circumstances compliance with the revival statute, KRS 395.278, was not necessary.

*Clark, supra.* at *1. The court noted that "This provision [KRS 395.278] has always been strictly construed." (quoting *Daniel, supra.*)

Second, the Cambrons assert that KRS 395.278 does not apply as they contend that no party has died. This contention is without merit. *See, Smith v. Swope*, 145 S.W.2d 827 (Ky. 1940)(the next friend but a nominal party, the real party being the child); *Meyers v. Zoll*, 84 S.W. 543 (Ky. 1905)("The parents of this child never had at any time any right of action for the pain and suffering of their child. This right existed in the child alone, and survived upon its death as stated."). "In any action in which a guardian ad litem or next friend sues or defends on behalf of an infant or incompetent, the representative is a nominal party only; the action must be brought in the name of the real party in interest – the infant or incompetent..." Wright, Charles A. & Miller, Arthur R., 6A Federal Practice & Procedure § 1570 (West Publ. 1990).

Third, the Cambrons assert that the court should apply KRS 395.280 which does not have a time limitation, rather than KRS 395.278. KRS 395.280 states that "[w]hen any personal representative commences an action or is sued, and then dies, is removed or is superseded by another before termination of the action, his successor may, by order of court, be substituted for the original plaintiff or defendant." They urge that this is a matter of simply superseding one form of representation of the child for another. Alternatively, they argue that if both statutes could apply, the court should apply the one with the longer period; that is, KRS 395.280 which contains no time restriction.

The court does not agree that both statutes are applicable to the case before us. We have already determined herein that the death of a party has occurred. Therefore, the specific statute

dealing with revival after the death of a party governs over the general statutory provision which permits a superseding of a representative for any of a number of reasons. Thus the court declines to apply KRS 395.280 to this case. Additionally, the statute on its face simply does not apply here. In this instance, the parents, the Cambrons, have not died, been removed, or been superseded as next friends of Alec Cambron.

Fourth, the Cambrons assert that *Richardson v. Dodson*, 832 S.W.2d 888 (Ky. 1992) and *Shaw v. Halmhuber*, 234 S.W.2d 746 (Ky. 1950) stand for the proposition that the action should not be dismissed for failure to revive the claims under KRS 395.278. These cases do not stand for that proposition. The *Richardson* case involved a *pro se* plaintiff who filed a wrongful death action on behalf of his deceased mother, identifying himself as her "natural son." He was then appointed administrator of her estate and amended his allegation to identify this capacity prior to the filing of any responsive pleading by the defendant. The court found that he had attempted to assert the wrongful death claim in the first instance and was permitted to amend the language of the allegation. The *Shaw* case involved a suit by a committee for an incompetent person against that incompetent person in order to sell his real estate. The *Shaw* case is factually inapplicable.

Fifth, the Cambrons contend that Fed.R.Civ.P. 25(a) should govern in this instance, rather than the Kentucky statute. Fed.R.Civ.P. 25(a)(1) states, in pertinent part,

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties...Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

The parties appeared to agree that, if this rule were to be applied in lieu of KRS 395.278, the suggestion of death in the record would have occurred no later than the date of the filing of the motion to dismiss, March 23, 2005. On October 5, 2005, Walgreen filed a supplemental memorandum in support of its motion to dismiss noting that, despite its contention that the Kentucky statute should be applied, the Cambrons had also failed to meet the substitution requirement within

90 days as mandated by Fed.R.Civ.P. 25(a)(1).  In a supplemental response by the Cambrons, however, they equivocate upon their earlier contention that the motion to dismiss would be considered a suggestion of death triggering the 90-day clock of Fed.R.Civ.P. 25(a)(1).  They cite no authority for their contention.  We see no reason to consider the motion to dismiss, accompanied by a copy of the death notice from the Courier-Journal newspaper, to be other than a suggestion of death in the record.  Therefore, under either limitation period, we conclude that the personal injury claim must be dismissed.

Walgreen also seeks dismissal of the claim of the parents for loss of consortium.  Woods asserts that the consortium claims are independent claims of the parents which survive the dismissal of the injury claims.  Woods is correct that Kentucky courts recognize consortium claims as independent.  In *Guiliani v. Guiler*, 951 S.W.2d 318, 322 (Ky. 1997), the court stated that

> *Department of Education v. Blevins*, Ky., 707 S.W.2d 782 (1986), held that the parent's claim for loss of a child's consortium is independent and separate from a wrongful death action and shall not be treated as a single claim.  Even though a wrongful death action and a loss of consortium claim may arise from the same injury, they belong to separate legal entities and consequently should not be treated as a single claim.  *Adams, supra.*, held that wrongful death damages are not meant to include the family's loss.

The court stated in *Blevins, supra.*, at 786 that "The parents have such a [consortium] claim without regard to whether the personal representative of the decedent ever asserts a claim for wrongful death, and indeed, without regard to whether a personal representative is ever appointed."  Thus it is clear that the dismissal of the wrongful death claim on statute of limitations grounds does not affect the consortium claims.

The difficulty, however, is that this action is one for personal injury, for which the Kentucky courts do not recognize a claim by parents for loss of the consortium of their child.  *Humana of Kentucky, Inc. v. McKee*, 834 S.W.2d 711 (Ky.App. 1992)(there is no Kentucky law authorizing recovery for loss of the consortium of a child in a personal injury context).  A consortium claim is recognized where the death of a child is involved.  *See, Bayless v. Boyer*, 180 S.W.3d 439 (Ky.

2005)("[T]he only statutory support we can find for such a claim is limited to cases involving the wrongful death of a minor. *See* KRS 411.135...Nothing in *Blevins* [*infra*.] supports the expansion of loss of consortium claims beyond the extreme case of a wrongful death lawsuit").

The Cambrons' claims were for personal injuries and resulting loss of consortium (Complaint, ¶ 38) They did not claim loss of consortium based on wrongful death, no doubt because Alec Cambron had not died at the time the Cambrons asserted their consortium claims. No amended or supplemental claims were subsequently asserted. Thus, the Cambrons do not have a cognizable claim for loss of consortium.

We conclude that the Cambrons' claims must be dismissed. A separate order will be entered this date in accordance with this opinion.