UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES WOODS, et al                                                                    PLAINTIFFS

v.                                                                  CIVIL ACTION NO. 3:01CV-646-S

WALGREEN COMPANY, et al                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the renewed motion of the defendant, Walgreen Company, to dismiss the claims of James Woods. Walgreen Company moves for this sanction on the basis that it has demonstrated that representations made during the pendency of this action that James Woods and Amelia Woods are husband and wife have been shown to be untrue.

Walgreen Company has demonstrated that James and Amelia Woods were married in 1954, separated in 1960, and divorced in 1975 in Indiana.

In this action, James Woods claims personal injuries as a result of an allegedly mis-filled prescription at one of Walgreen's pharmacies. By agreement, the previously asserted consortium claims of Amelia Woods have been dismissed.

In his brief responding to an earlier motion to dismiss by Walgreen Company, the plaintiff's counsel, Charles L. Cunningham, Jr., advised the court that James and Amelia Woods had lived together under the same roof for many years after their divorce, and that they thought of themselves as husband and wife. In an earlier ruling, this court noted that those statements had not been verified by affidavit or otherwise, and would therefore be considered as argument rather than fact. The court declined at that time to dismiss the claims of James Woods.

Walgreen Company has subsequently taken another deposition of James Woods, and in the deposition has effectively refuted Mr. Cunningham's contention that James and Amelia Woods lived together under the same roof for many years after their divorce and that they thought of themselves as husband and wife.

In response to the renewed motion to dismiss, Woods' counsel argues that the allegedly mis-filled prescription caused the plaintiff to have a stroke, and that as a result he is easily confused and lacks communication abilities.

The court has reviewed the entire deposition of James Woods taken on April 14, 2006. Woods is now 71 years old, and by his own admission has lived with many women. He states that he married Amelia Woods at her request in order to give his name to several children he fathered with Amelia as well as several children Amelia had who were fathered by other men. The marriage relationship apparently lasted about six years, although a legal divorce was not obtained until 1975, some 21 years after the marriage and 15 years after the separation.

The court agrees that some portions of Mr. Woods' deposition are confusing, and that on many occasions Mr. Woods does not appear to answer the questions posed to him directly. On the other hand, many of the answers he gave during the deposition were clear and direct, and appear to be factually true. Curiously, Woods was never asked why he represented himself to be married to Amelia or whether he thought of himself as married to her subsequent to the divorce. He did refute any notion that he lived with her except intermittently after breaking off live-in relationships with other women. The court also reviewed the deposition of Amelia Woods, which had been taken in 2002. In that deposition, Amelia's answers regarding her marriage to James Woods are clear,

- 3 -

unequivocal, and patently untrue. The court surmises that counsel may have relied more on the statements of Amelia than on James.

Nevertheless, the court is of the opinion that the previous representations by James Woods that he was married to Amelia have been shown to be untrue, and not adequately explained. On the other hand, the issue of James Woods' marriage is not pertinent to his claims in this case. His claims here relate only to personal injuries allegedly suffered as a result of a prescription mis-filled by Walgreen Company.

Upon reflection, the court concludes that dismissal of James Woods' claims would be too harsh a sanction. However, the court believes that some sanction is appropriate, inasmuch as the court cannot countenance untruthfulness which was only revealed due to the investigative efforts of Walgreen Company. Accordingly, should James Woods or Amelia Woods testify at trial in this matter, counsel for Walgreen will be permitted to question them concerning their previous assertions that they were married, and will be permitted to prove that they were, in fact, only married from 1956 to 1975, and had separated subsequent to 1960.

In all other respects, the motion of Walgreen Company to dismiss the claims of James Woods is **DENIED**.

**IT IS SO ORDERED** this

cc: Counsel of Record