UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES WOODS, et al                                                                    PLAINTIFFS

v.                                                          CIVIL ACTION NO. 3:01CV-646-S

WALGREEN COMPANY, et al                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Defendant, Walgreen Company, has moved to exclude the testimony of the plaintiffs' expert, Rodney Richmond.

This litigation involves the claims in three cases in which Walgreen Company allegedly mis-filled three separate prescriptions.

There appears to be little question that the prescriptions were not filled correctly. The court has not been advised that Walgreen Company has admitted negligence in these instances.

The plaintiffs propose to use Richmond for essentially two purposes. First, the plaintiffs propose to use Richmond to establish the standard of care which a reasonably prudent pharmacy and pharmacist would exercise in filling prescriptions under circumstances like or similar to those involved in the three claims. Richmond seems to be prepared to testify that Walgreen Company and its pharmacists failed in their duties to exercise such care in filling the prescriptions in question.

The defendant, Walgreen Company, does not seem to attack Richmond's qualifications or the opinions he has expressed in this regard, and accordingly Richmond will be permitted to testify regarding same.

In its motion, Walgreen Company focuses on Richmond's second line of attack, namely his testimony that Walgreen Company did not have in place an adequate prescription error management and prevention program.

The problem with Richmond's testimony is that it is completely standardless. Richmond cites no legal or professional rules, protocols, or regulations regarding prescription error management. He cites no peer-reviewed studies nor does he buttress his claims with testimony regarding generally accepted practices in the chain drugstore industry. Instead, he simply offers his own opinions regarding follow-up investigations on mis-filled prescriptions. While stating that Walgreen's allegedly inadequate follow-up was "not unique to Walgreen stores," he goes on to state that "Walgreens fell below the standard of care from an institutional perspective, because they did not develop or maintain a set of policies & *[sic]* procedures, or other such written guidelines, which would provide for an adequate medication error management and prevention program."

Purely and simply, Richmond's testimony regarding such a standard of care reflects his opinion alone, unsupported by any foundation.

Putting aside the fact that Richmond's testimony in this area does not specify how or in what way the mis-filling of the three prescriptions involved in this case was caused by deficiency in Walgreen's medication error investigation and follow-up program, it is clear that the standard of care offered by Richmond in his report is his own standard of care, not a standard of care based on legal or professional standards in the industry or the pharmacy profession.

As such, Richmond's testimony does not meet the standards of relevance or reliability, and is hence inadmissible. FED. R. EVID. 702; *Kumho Tire Company, Ltd. v. Carmichael*, 119 S. Ct. 1167 (1999). The proposed testimony is not based upon data, nor is the proposed testimony the

product of reliable principles. Rather, it is simply Richmond's opinion, based on nothing else. We therefore exercise our responsibility as evidence gatekeeper to exclude from Richmond's testimony any reference to Walgreen Company's error investigation and follow-up policies and practices.

**IT IS SO ORDERED** this

cc: Counsel of Record