UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES WOODS, et al                                                                                    PLAINTIFFS

v.                                                                          CIVIL ACTION NO. 3:01CV-646-S

WALGREEN COMPANY, et al                                                                        DEFENDANTS

### MEMORANDUM OPINION AND ORDER

The defendant, Walgreen Company, has moved to dismiss the plaintiffs' claims for punitive damages, contending that there is no genuine issue of material fact and that the punitive damage claims are unavailable as a matter of law.

These cases involve three separate instances in which Walgreen Company allegedly mis-filled prescriptions resulting in personal injuries.

Punitive damages are available in Kentucky upon a finding of failure to exercise reasonable care, coupled with an additional finding that such negligence was accompanied by "wanton or reckless disregard for the safety, lives, or property of others." *Phelps v. Louisville Water Co.*, 103 S.W.3d 46 (Ky. 2003); *Horton v. Union Light, Heat & Power Co.*, 690 S.W.2d 382 (Ky. 1995).

There appears no dispute that the prescriptions in question were not filled correctly, although Walgreen Company has not admitted liability. The punitive damage claims, however, rest upon the testimony of the plaintiffs' expert, Rodney Richmond, that, *inter alia*, Walgreen had an inadequate prescription error investigation and follow-up program. The plaintiffs contend that Walgreen Company "undertook no effective measure to quantify or gauge the effectiveness of their policies in relation to mis-filled prescriptions, so as to prevent the occurrence of the incidents in question."

- 2 -

The court is advised that Richmond is not critical of Walgreen Company's written policies and procedures for filling prescriptions, nor is he aware of any other pharmacy with better policies which would prevent prescription errors. The court is further advised that Richmond has acknowledged that from a quality assurance perspective, he has no criticism of Walgreen Company. The basis for the plaintiffs' punitive damage claim is contained in Richmond's report, in which he opines that Walgreen Company's "systematic failure to maintain an adequate medication error management and prevention program" can be "characterized as reckless."

By separate opinion and order, we have determined that Richmond's testimony in this regard is neither relevant nor reliable, and we have barred its use at trial, because Richmond's opinion is without any foundation and is based upon no standards, data, or professional requirements of any kind. Rather, Richmond's opinion is simply his own.

This is, of course, fully dispositive of the issue, since Richmond will not be permitted to testify as to recklessness.

However, even if Richmond were permitted to testify, we find that this evidence does not come close to being sufficient to receive a punitive damage instruction.

That the prescriptions were not filled correctly is apparently undisputed. There is certainly evidence from which a trier of fact could conclude that the prescriptions were filled negligently. On the other hand, there is absolutely no evidence that they were filled wantonly, or with a reckless disregard for the safety of Walgreen Company's customers. Richmond himself, in his report, states that pharmacists are human, and may make mistakes. There is a recognized prescription dispensing error rate which Richmond references in his report.

- 3 -

It is readily apparent that there is no basis for a punitive damage instruction arising from the mis-filling of the prescriptions themselves. Richmond's attempt to create "recklessness" out of what he characterizes as an inadequate medication error management and prevention program is at odds with the foundation required by Kentucky law for a punitive damage instruction. There is simply no evidence whatever that Walgreen Company or its pharmacists acted toward the plaintiffs wantonly or with a reckless disregard for their safety. If Walgreen Company has an inadequate medication error management and prevention program, such would be a badge of negligence, not wanton or reckless conduct. Richmond's self-characterization of this as "reckless" is not, in and of itself, sufficient.

Accordingly, there being no dispute of material fact, and it appearing to the court that Walgreen Company is entitled to dismissal of the punitive damage claims against it as a matter of law for failure of proof, the motion is hereby **GRANTED**, and the punitive damage claims against Walgreen Company herein may be and the same are hereby **DISMISSED**.

This is not a final order.

**IT IS SO ORDERED** this

cc:    Counsel of Record